UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEMETRIUS FRANK,** individually on
behalf of himself,

                                CASE NO.:  2:19-cv-10617

      Plaintiff,                    **JURY DEMAND**

v.

**MHP PHARAMCY, LLC**,
a Domestic Limited Liability company,

      Defendant.

_____

## COLLECTIVE ACTION COMPLAINT
## <u>AND DEMAND FOR JURY TRIAL</u>

Plaintiff, DEMETRIUS FRANK, on behalf of himself and all other employees and former employees similarly situated, files this Collection Action Complaint against Defendant MHP PHARAMCY, LLC ("MHP"), and states as follows:

### <u>JURISDICTION</u>

1.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as this is an action arising under the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C § 216(b).

## **PARTIES**

3.     At all times material hereto, Plaintiff was a resident within the jurisdiction of the Eastern District of Michigan.

4.     At all times material hereto, Defendant MHP was, and continues to be a Domestic Limited Liability Company engaged in business in Michigan.

5.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA. Named Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Exhibit A** to this Complaint.

6.     At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

7.     Defendant was, and continues to be, "employer" within the meaning of FLSA.

8.     At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

9.     At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

10.    Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11.    At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

12.    At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

13.    At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage under the FLSA.

14.    The additional persons who may become Plaintiffs in this action are/were "Delivery Drivers" employees for Defendant, who held similar positions to Plaintiff, were similarly compensated on a piece-rate (a/k/a production) basis who had:

    a.    worked in excess of forty (40) hours during one or more workweeks during the relevant time periods but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

15.    At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

**STATEMENT OF FACTS**

16.     MHP offers home delivery of prescription medication.

17.     Plaintiff worked for Defendant as a as a non-exempt "Delivery Driver" from January 2018 to July 2018.

18.     As a non-exempt "Delivery Driver," Defendant compensated Plaintiff on a per-job ("piece-rate") basis for all the work he performed for Defendant.

19.     Plaintiff worked in excess of forty (40) hours in various weeks throughout the duration of his employment with Defendant.

20.      Plaintiff was not properly compensated for all his overtime hours worked during the relevant time period.

21.     Instead, Defendant systematically paid, and continue to pay, Plaintiff and other similarly-situated employees for substantially fewer hours than they actually worked.

22.     Defendant classified Plaintiff as an independent contractor.

23.     Plaintiff was not required to possess any advanced skill or knowledge to perform his work for Defendant.

24.     Plaintiff was required by Defendant to perform his job in a particular manner, on which Defendant trained him.

25.     Plaintiff was required to work a set schedule.

26.     Plaintiff was prohibited from rejecting assigned clients.

4

27.     Plaintiff was economically dependent on Defendant.

28.     Plaintiff assisted Defendant in carrying out an integral part of their principal business.

29.     Plaintiff performed exactly the same job in exactly the same manner, and was paid exactly the same way as other individuals classified as "employees" by Defendant.

30.     Plaintiff was not required to make any substantial financial investment in his employment, because Defendant supplied all of the necessary materials for his work, such as the prescription medication, paperwork, telephone, etc.

31.     Plaintiff was hired on a permanent basis and not for a set duration.

32.     Defendant maintained control concerning how Plaintiff completed his job, and monitored his work.

33.     Plaintiff received all assignments from Defendant.

34.     Plaintiff was not able to enhance/increase his wages other than by performing additional work.

35.     Defendant reported Plaintiff's income on IRS Form 1099.

36.     Under the aforementioned piece-rate pay methodology, Plaintiff was paid solely by the number of packages he delivered.

37.     At various material times throughout the duration of Plaintiff's employment, Defendant failed to pay Plaintiff at a rate of one and one-half times

Plaintiff's regular rate of pay for all hours worked in excess of forty (40) in a given workweek.

38.    Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as statutorily required by the FLSA.

39.    Defendant has violated Title 29 U.S.C. §207 in that:

   a.    Plaintiff worked in excess of forty (40) hours per week for his period of employment with Defendant;

   b.    No payments,  and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek while Plaintiff worked for Defendant and as provided by the FLSA; and

   c.    Defendant failed to maintain proper time records as mandated by the FLSA.

40.     Plaintiff retained the law firm of MORGAN & MORGAN, P.A., to represent him in the litigation.

## COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff and the class members are/were all non-exempt employees of Defendant and performed the same or similar job duties as one another.

42.     All of these non-exempt individuals were and are paid in the same manner, on a piece-rate basis.

43.     Defendant uniformly required all "Delivery Drivers" in the proposed class to work as independent contractors.

44.     Defendant failed to compensate Plaintiff, and those similarly situated, a time-and-a-half overtime premium for their hours worked over forty (40) in workweeks throughout the relevant time period.

45.     The additional persons who may become Plaintiffs in this action are/were nonexempt employees of the Defendant who were not compensated for all hours worked, which resulted in workweeks where they worked in excess of forty (40) hours during one or more workweeks during the relevant time periods, but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

46.     This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiff applied

and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All non-exempt "Delivery Drivers" who worked for Defendant within the last three years, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

47.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

48.     Specifically, despite the fact that numerous employees brought Defendant's aforementioned illegal policies and FLSA violations to Defendant's attention throughout their employment, Defendant refused to pay Plaintiff and those similarly situated their proper compensation as required by the FLSA.

49.     Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

50.     During the relevant period, Defendant violated the FLSA by retaining employees in an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of

at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

51.     Defendant's failure to properly compensate their employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendant's policy or practice that applies to all similarly situated employees, companywide.

52.     Defendant acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

53.     Defendant failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

54.     Plaintiff realleges and reincorporates paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55.     Plaintiff worked in excess of forty (40) hours per week.

56.     Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

57.     Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

58.     At all times material hereto, Defendant failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

59.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they had knowledge, or should have known, such was, and is due to Plaintiff.

60.     Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

61.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

62.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

63.     At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the

management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

64. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff are/were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one half their regular rate of pay for such hours.

65. Plaintiff demands a trial by jury.

## COUNT II
## DECLARATORY RELIEF

66. Plaintiff realleges and reincorporates paragraphs 1 through 53 of the Complaint as if fully set forth herein.

67. Plaintiff and Defendant have a FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

68. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

11

69.    Plaintiff may obtain declaratory relief.

70.    Defendant employed Plaintiff.

71.    Defendant is an enterprise.

72.    Plaintiff was individually covered by the FLSA.

73.    Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. § 207(a)(1).

74.    Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

75.    Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

76.    Plaintiff is entitled to an equal amount of liquidated damages.

77.    It is in the public interest to have these declarations of rights recorded.

78.    Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

79.    The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a.     Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's hours worked in excess of forty (40) hours per work week while employed by Defendant;

b.     Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.     Awarding Plaintiff pre-judgment and/or post-judgment interest;

d.     Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to § 216(b), to those similarly situated to Plaintiff;

e.     Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions; Defendant failed to keep accurate time records, Defendant have a legal duty to pay Plaintiff overtime wage pursuant to the FLSA, Defendant failed to prove a good faith defense, and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

f.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.      Ordering any other further relief the Court deems just and

proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated this 1st day of March, 2019.


                                    Respectfully submitted,


                         By:  */s/  Michael N. Hanna*
                               Michael N. Hanna (P81462)
                               Warren D. Astbury (P82416)
                               MORGAN & MORGAN, P.A.
                               2000 Town Center, Suite 1900
                               Southfield MI 48075
                               (313) 739-1950
                               (313) 739-1976 fax
                               mhanna@forthepeople.com
                               wastbury@forthepeople.com


                               *Attorneys for Plaintiff*

14