UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS FRANK, individually
on behalf of himself,

    Plaintiff,

vs.

MHP PHARMACY, LLC, a domestic
limited liability company,

    Defendant.

Case No.: 2:19-cv-10617
Hon. Gershwin A. Drain

Hon. Stephanie Dawkins Davis,
Magistrate Judge

## ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND

Defendant MHP Pharmacy, LLC ("Defendant"), through its attorneys, Nemeth Law, P.C., answers Plaintiff's Complaint as follows:

## JURISDICTION

1.    Defendant admits that Plaintiff has alleged claims arising under the Fair Labor Standards Act, as amended (29 U.S.C. §§ 291 et seq.) (FLSA) and that this Court has subject matter jurisdiction over claims raised under the FLSA under 28 U.S.C. § 1331. Defendant denies that it has violated the FLSA with respect to Plaintiff's employment of the employment of any putative class member.

2.    Defendant admits that this Court has jurisdiction under 29 U.S.C. § 216(b) to hear such claims as Plaintiff alleges in his Complaint, but denies that it has

violated the FLSA with respect to Plaintiff's employment or the employment of any putative class member

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, because Defendant does not know what is meant by "at all times material hereto." In further response, Defendant states that Defendant was formed as a domestic limited liability company in Michigan in January 2014, and maintains that status to the present date.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, because Defendant does not know what is meant by "at all times material hereto." Paragraph 5 also contains allegations calling for a legal conclusion to which no response is required. In further response, Defendant admits that from January 28, 2018 to July 25, 2018, Plaintiff performed delivery services for Defendant. Finally, Defendant admits that Exhibit A to the Complaint is a "Consent to Join Collective Action" but lacks knowledge or information sufficient to determine whether Plaintiff signed the Exhibit.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, because Defendant does not know what is meant by "at all times material hereto." Paragraph 6 also contains allegations calling for a legal conclusion to which no response is required. In further response, Defendant admits that it does employ some individuals.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, because Defendant does not know what is meant by "at all times material hereto." Paragraph 7 also contains allegations calling for a legal conclusion to which no response is required. In further response, Defendant admits that it does employ some individuals.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, because Defendant does not know what is meant by "at all times material hereto." Paragraph 8 also contains allegations calling for a legal conclusion to which no response is required. In further response, Defendant admits that it is engaged in the business of preparing and selling prescription medications.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, because Defendant does not know what is meant by "at all times material hereto." Paragraph 9 also contains allegations calling for a legal conclusion to which no response is required.

In further response, Defendant admits that it is engaged in the business of preparing and selling prescription medications.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, because Defendant does not know what is meant by "at all times material hereto." Defendant admits the allegations in Paragraph 10 of the Complaint with respect to the period during which Plaintiff performed delivery services for Defendant.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, because Defendant does not know what is meant by "at all times material hereto." Paragraph 11 also contains allegations calling for a legal conclusion to which no response is required.  In further response, Defendant admits that from January 28, 2018 to July 25, 2018, Plaintiff performed delivery services for Defendant.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, because Defendant does not know what is meant by "at all times material hereto." Paragraph 12 also contains allegations calling for a legal conclusion to which no response is required.  In further response, Defendant admits that from January 28, 2018 to July 25, 2018, Plaintiff performed delivery services for Defendant.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, because Defendant does not know what is meant by "at all times material hereto." Paragraph 13 also contains allegations calling for a legal conclusion to which no response is required. In further response, Defendant admits that from January 28, 2018 to July 25, 2018, Plaintiff performed delivery services for Defendant.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, because Defendant does not know what is meant by "at all times material hereto." In further response, Defendant denies the allegations in Paragraph 14 of the Complaint because they are not true.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, because Defendant does not know what is meant by "at all times material hereto." In further response, Defendant denies the allegations in Paragraph 15 of the Complaint because they are not true.

## STATEMENT OF FACTS

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff performed delivery services for Defendant from January 28, 2018 until July 25, 2018. Defendant denies the remaining allegations in Paragraph 17 because they are not true.

18. Defendant admits that Plaintiff was properly paid on a piece-rate basis for each delivery performed for Defendant. Defendant denies the remaining allegations in Paragraph 18 of the Complaint because they are not true.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, because Defendant does not know what is meant by "various weeks." In further response, Defendant denies the allegations in Paragraph 19 because they are not true.

20. Defendant denies that it failed to compensate Plaintiff properly.

21. Defendant denies the allegations in Paragraph 21 because they are not true.

22. Defendant admits that, for some of the time during which Plaintiff performed deliveries for Defendant, Plaintiff was classified as an independent contractor.

23. Defendant denies the allegations in Paragraph 23 of the Complaint because they are not true.

24. Defendant denies the allegations in Paragraph 24 of the Complaint because they are not true.

25. Defendant denies the allegations in Paragraph 25 of the Complaint because they are not true.

26. Defendant denies the allegations in Paragraph 26 of the Complaint because they are not true.

27. Defendant denies the allegations in Paragraph 27 of the Complaint because they are not true.

28. Defendant denies the allegations in Paragraph 28 of the Complaint because they are not true.

29. Defendant denies the allegations in Paragraph 29 of the Complaint because they are not true as stated.

30. Defendant denies the allegations in Paragraph 30 of the Complaint because they are not true.

31. Defendant denies the allegations in Paragraph 31 of the Complaint because they are not true.

32. Defendant denies the allegations in Paragraph 32 of the Complaint because they are not true.

33. Defendant denies the allegations in Paragraph 33 of the Complaint because they are not true as stated.

34. Defendant admits that, for some of the time during which Plaintiff performed deliveries for Defendant, payment for those services was reported to the IRS on Form 1099.

35. Defendant denies the allegations in Paragraph 35 of the Complaint because they are not true.

36. Defendant admits the allegations in Paragraph 36 of the Complaint.

37. Defendant denies that it failed to compensate Plaintiff properly.

38. Defendant denies the allegations in Paragraph 38 of the Complaint because they are not true.

39. Defendant denies the allegations in Paragraphs 39(a)-39(c) of the Complaint because they are not true.

40. Upon information and belief, Defendant admits the allegations of Paragraph 40.

## COLLECTIVE ACTION ALLEGATIONS

41. Defendant denies the allegations in Paragraph 41 of the Complaint because they are not true.

42. Defendant denies the allegations in Paragraph 42 of the Complaint because they are not true.

43. Defendant denies the allegations in Paragraph 43 of the Complaint because they are not true.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint, because Defendant does not know what is meant by "those similarly situated" and "the relevant time period." In further response, Defendant denies that it failed to properly compensate Plaintiff or any putative plaintiff.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint, because Defendant does not know who are the additional persons who may become plaintiffs.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint, because Defendant does not know what policy or practice Plaintiff is referring to in the Paragraph.

47. Defendant denies the allegations in Paragraph 47 of the Complaint because they are not true.

48. Defendant denies the allegations in Paragraph 48 of the Complaint because they are not true.

49. Defendant denies the allegations in Paragraph 49 of the Complaint because they are not true.

50. Defendant denies the allegations in Paragraph 50 of the Complaint because they are not true.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint because they are not true.

52. Defendant denies the allegations in Paragraph 52 of the Complaint because they are not true.

53. Defendant denies the allegations in Paragraph 53 of the Complaint because they are not true.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

54. Defendant incorporates by reference its responses to Paragraphs 1 through 53 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint because they are not true.

56. Defendant denies that it failed to compensate Plaintiff properly.

57. Defendant denies the allegations in Paragraph 57 of the Complaint because they are not true.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint, because Defendant does not know what is meant by "all times material hereto."

59. Defendant denies the allegations in Paragraph 59 of the Complaint because they are not true.

60. Defendant denies the allegations in Paragraph 60 of the Complaint because they are not true.

61. Defendant denies the allegations in Paragraph 61 of the Complaint because they are not true.

62. Defendant denies the allegations in Paragraph 62 of the Complaint because they are not true.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint, because Defendant does not know what is meant by "all times material hereto" and "those similarly situated to the named Plaintiff." In further response, Defendant denies that it improperly paid Plaintiff or any putative plaintiff.

64. Defendant denies the allegations in Paragraph 64 of the Complaint because they are not true.

65. Defendant admits that Plaintiff has demanded a jury trial in his Complaint and relies on his Demand.

## COUNT II
## DECLARATORY RELIEF

66. Defendant incorporates by reference its responses to Paragraphs 1 through 65 of the Complaint.

67. Defendant admits that Plaintiff has filed suit against Defendant alleging violations of the FLSA, and further admits that this Court has subject matter

jurisdiction over federal question lawsuits. Defendant denies that it has violated the FLSA with respect to Plaintiff or any putative plaintiff.

68. Defendant admits that Plaintiff's Complaint seeks declaratory relief under 28 U.S.C. §§ 2201-2201, and that this Court has jurisdiction under that Act to consider such claims. Defendant denies that Plaintiff or any putative Plaintiff is entitled to such relief.

69. Defendant denies the allegations in Paragraph 69 of the Complaint because they are not true.

70. Defendant denies the allegations in Paragraph 70 of the Complaint because they are not true.

71. The allegations in Paragraph 71 call for a legal conclusion to which no response is required.

72. The allegations in Paragraph 72 call for a legal conclusion to which no response is required.

73. Defendant denies the allegations in Paragraph 73 of the Complaint because they are not true.

74. Defendant denies the allegations in Paragraph 74 of the Complaint as untrue.

75. Defendant denies the allegations in Paragraph 75 of the Complaint because they are not true.

76. Defendant denies the allegations in Paragraph 76 of the Complaint because they are not true.

77. Defendant denies the allegations in Paragraph 77 of the Complaint because they are not true

78. Defendant denies the allegations in Paragraph 78 of the Complaint because they are not true.

79. Defendant denies the allegations in Paragraph 79 of the Complaint because they are not true.

Defendant denies that Plaintiff is entitled to any of the relief requested in section (a) – (g) of the Prayer for Relief.

## **PRAYER FOR RELIEF**

Defendant therefore requests that this Court dismiss Plaintiff's claims against it with prejudice, deny Plaintiff all requested relief, and award Defendant its attorney fees and costs and such other relief as this Court deems just.

Respectfully submitted,

NEMETH LAW, P.C.

/s/ Deborah Brouwer
Deborah Brouwer (P34872)
Terry W. Bonnette (P67692)
Attorneys for Defendant
200 Talon Centre Drive, Suite 200
Detroit, MI 48207
(313) 567-5921

Dated:  March 26, 2019            dbrouwer@nemethlawpc.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEMETRIUS FRANK, individually
on behalf of himself,

    Plaintiff,

vs.

MHP PHARMACY, LLC, a domestic
limited liability company,

    Defendant.

Case No.: 2:19-cv-10617
Hon. Gershwin A. Drain

Hon. Stephanie Dawkins Davis,
Magistrate Judge

## DEFENDANT MHP PHARMACY'S
## AFFIRMATIVE AND OTHER DEFENSES

MHP Pharmacy, LLC ("Defendant"), through its attorneys, Nemeth Law, P.C., states the following Affirmative Defenses and Other Defenses:

1. Plaintiff and all putative plaintiffs have failed, in whole or in part, to state a claim upon which relief can be granted.

2. The claims of Plaintiff and all putative plaintiffs are barred, in whole or in part, by the applicable statute of limitations and/or contractual period of limitations.

3. Defendant has not violated any federal or state statute, common law or any other law or theory of law.

4. Plaintiff and all putative plaintiffs are estopped by their own conduct, actions, or omissions from obtaining relief.

5.     Defendant acted in good faith and with a reasonable belief that its actions were in compliance with all applicable statutory and common law.

6.     The claims for liquidated damages by Plaintiff and all putative plaintiffs are barred, in whole or in part, because Defendant acted in good faith and with a reasonable belief that its acts or omissions were not a violation of the Fair Labor Standards Act (FLSA).

7.     Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

8.     Plaintiff and all putative plaintiffs have failed to mitigate their damages, if any, entitlement to which is expressly denied.

9.     The applicable law does not entitle Plaintiff and all putative plaintiffs to the relief and/or damages that they seek.

10.    The claims of Plaintiff and all putative plaintiffs are barred in whole or in part because they failed to avoid the harm alleged.

11.    This lawsuit cannot be maintained as a collective action because the requirements for such an action cannot be met.

12.    This lawsuit cannot be maintained as a collective action because the proposed class is not so numerous that joinder of all its members is impracticable.

13. This lawsuit cannot be maintained as a collective action because Plaintiff and/or his counsel will not or cannot fairly and adequately assert and protect the interests of the purported class.

14. A collective action is not the superior method of adjudicating the claims of Plaintiff and all putative plaintiffs because the claims of the purported class members require individualized inquiries.

By raising the above defenses, MHP Pharmacy expressly does not assume any burden of proof that applicable substantive law may place on Plaintiff or any putative plaintiff.

MHP Pharmacy reserves the right to raise additional affirmative and other defenses as they become known during discovery or trial of this matter.

Respectfully submitted,

NEMETH LAW, P.C.

/s/ Deborah Brouwer
Deborah Brouwer (P34872)
Terry W. Bonnette (P67692)
Attorneys for Defendant
200 Talon Centre Drive, Suite 200
Detroit, Michigan 48207
(313) 567-5921
dbrouwer@nemethlawpc.com

Dated: March 26, 2019

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| DEMETRIUS FRANK, individually on behalf of himself, | Case No.: 2:19-cv-10617 |
| Plaintiff, | Hon. Gershwin A. Drain |
| vs. | Hon. Stephanie Dawkins Davis, Magistrate Judge |
| MHP PHARMACY, LLC, a domestic limited liability company, | |
| Defendant. | |

## RELIANCE ON JURY DEMAND

Defendant MHP Pharmacy, LLC, through its attorneys, Nemeth Law P.C., relies upon the jury demand filed by Plaintiff.

                                          Respectfully submitted,

                                          NEMETH LAW, P.C.

                                          /s/ Deborah Brouwer
                                          Deborah Brouwer (P34872)
                                          Terry W. Bonnette (P67692)
                                          Attorneys for Defendant
                                          200 Talon Centre Drive, Suite 200
                                          Detroit, Michigan 48207
Dated: March 26, 2019             (313) 567-5921
                                          dbrouwer@nemethlawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2019, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    Respectfully submitted,

    NEMETH LAW, P.C.

    /s/ Deborah Brouwer
    Deborah Brouwer (P34872)
    Attorneys for Defendant
    200 Talon Centre Drive, Suite 200
    Detroit, Michigan 48207
    (313) 567-5921
    dbrouwer@nemethlawpc.com